HOOD, Judge
(dissenting).
I am unable to agree with the conclusions which have been reached by my colleagues.
As pointed out in the majority opinion, defendant Shuff constructed four above-ground tanks within five feet of plaintiff’s property line. The tanks had a total capacity of 58,800 gallons, and they were used for the storage of 25,200 gallons of gasoline and 33,600 gallons of diesel fuel. Both types of fuel are volatile, and they give off highly flammable fumes.
The tanks were designed and constructed to be used only for the storage of crude oil, which is not volatile and which does not create near as much pressure as does gasoline or diesel fuel. A much stronger type of tank is used ordinarily for the storage of gasoline. Two of the tanks are ten years old and the other two were constructed at least nine years ago. Plaintiff bought them as used tanks and had them placed on his property in 1966. He has used them since that time for the storage of gasoline and diesel fuel. There is a dent in one of the tanks and some corrosion and rust on both of the tanks used for storing gasoline, all of which tends to weaken them and increase the risk of bursting or leakage.
The evidence shows clearly, I think, that the storage of gasoline in these tanks creates a constant and extreme danger to all of the surrounding area, at least to a distance of 50 feet from the tanks. Defendant Shuff, himself, testified that when the tanks were constructed, within five feet of plaintiff’s property, he placed signs on them warning that the contents were “flammable and dangerous” and also ordering “No Smoking Within Fifty Feet.” A part of his testimony to that effect reads:
“MR. PUGH, JR.: Now, then, did you have these signs put on your tanks, saying flammable and dangerous ?
THIS COURT: Now, we’re being repetitious, Counsel.
MR. PUGH, JR.: Well, there’s one point I want to make, Your Honor.
THIS COURT: Let’s get to that point.
THE WITNESS: Yes, sir. I put them on the tanks because the — the State Code requires that.
*60 MR. PUGH, JR.: And you also put a sign on there: No Smoking Within Fifty Feet?
THE WITNESS : Yes, sir.
MR. PUGH, JR.: That applies to fifty feet going north ?
A Either side.
Q All around?
A Yes, sir.”
By the construction of these tanks and the above-mentioned warning, therefore, defendant Shuff deprived plaintiff Hil-liard of much of the use of at least the south 45 feet of the latter’s land. Although the sign said no smoking within 50 feet of the tanks, that necessarily includes a warning that there can be no kitchen stoves, heaters, hot water tanks or even a candle burning within that area. It means that plaintiff could not permit an automobile, truck or tractor to be operated on the south 45 feet of his land. He could not risk the operating of a power mower to cut the grass in that part of his property.
My colleagues reason that plaintiff is in no danger because his home is presently located 150 feet from the storage tanks. They have overlooked the fact, however, that plaintiff had planned for his son to build a home on his property, between Hil-liard’s home and the tanks, but that the construction of these tanks prevented his son from doing so. It was necessary, in fact, for plaintiff’s son to acquire property elsewhere for his home.
The evidence shows that the south part of plaintiff’s land originally was ideal for a building site, but that the danger created by the construction of these tanks prevents the use of that part of plaintiff’s land for residential purposes or for practically any other purpose.
Two graduate petroleum engineers were qualified as experts and testified in behalf of plaintiff. They felt that the construction of these four crude oil tanks near plaintiff’s property, and the use of them for the storage of gasoline and diesel fuel, constituted a substantial danger extending up to 150 feet in all directions from the tanks. The danger, they stated, arose from the highly flammable fumes emanating from the tanks, which could be easily ignited by heat or a small flame at substantial distances from them, and which if ignited could cause intense fires and explosions.
Defendant called only one expert, and he was qualified as a “safety engineer on a consulting basis.” This expert conceded that he did not have an engineering degree and was not licensed to practice any kind of engineering. He is part owner of some gasoline bulk plants and a business which “sets them up.” It seems to me that his business interests might have some influence, unwittingly of course, on his views as to the safety of gasoline storage tanks, since he, as part owner of other gasoline bulk plants and a business which sets them up, may be vulnerable at times to suits like this one. But this expert also recognizes the danger of the gasoline storage tanks to the surrounding area. He observed, for instance, that defendant maintains a large fire extinguisher near the battery of tanks, that he noticed some corrosion and rust in the gasoline tanks, that Shuff has built a “fire levee” around the tanks to catch the gasoline which may leak out of them, that he was aware of at least two recent bulk plant fires, that the gasoline in these particular tanks does give off highly flammable vapors, and that these vapors could be ignited with a match at some distance from the tanks. He did not specify the distance from the tank within which the lighting of a match would be dangerous, but he stated, somewhat negatively, that he didn’t believe a match would ignite the vapors “twenty feet away.” Even so, of course, that would mean that plaintiff would be deprived of much of the use of the south 15 feet of his property.
In my opinion, this is the type of nuisance which Articles 667, 668 and 669 of our Civil Code were intended to prohibit. I think defendant should be prohibited *61 from storing gasoline and diesel fuel so close to plaintiff’s property unless and until he constructs or provides adequate and safe tanks or storage facilities for that purpose.
For these reasons, I respectfully dissent.